**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHARLES E. BROWN,           )<br>                             )<br>           Petitioner,   )<br>                             )<br>v.                           )<br>                             )<br>DAVID R. MCKUNE, WARDEN,     )<br>LANSING CORRECTIONAL FACILITY )<br>et al.,                      )<br>                             )<br>           Respondents.  )<br>_____) | **CIVIL ACTION**<br><br>No. 06-3046-MLB |

**MEMORANDUM AND ORDER**

## 1.   INTRODUCTION

This case comes before the court on petitioner's motion to alter or amend judgment, made pursuant to Federal Rule of Civil Procedure 59(e).[1]  By its Memorandum and Order of November 27, 2006, this court denied petitioner's application for a writ of habeas corpus. (Doc. 21.)  In petitioner's application he raised nine grounds for relief, many of which had several claims alleged within them.  In its forty-seven page memorandum and order, the court discussed at length each ground raised by petitioner before ultimately denying petitioner's application.

Petitioner now asserts, however, that there were "several misstatements" made by the court in the court's discussion of petitioner's ineffective assistance of counsel claims.  Petitioner raises four issues in this regard: 1) certain exhibits were ignored

---

[1] Rule 59(e) simply states: "Any motion to alter or amend judgment shall be filed no later than 10 days after entry of judgment." Fed. R. Civ. P. 59(e).

by the court, 2) the court incorrectly applied the case of State v. Foulk, 195 Kan. 349, 404 P.2d 961 (1965), 3) the court improperly ignored the case of United States v. Galloway, 56 F.3d 1239 (10th Cir. 1995), and 4) the court did not rule on petitioner's traverse. Respondent did not file a response to petitioner's motion.

Petitioner's issues with the memorandum and order are easily disposed of.  First, the court did not fail to consider exhibits proffered by plaintiff with regard to post-trial counsel's performance.  Petitioner's proffered exhibits do not show that petitioner's counsel was ineffective or that petitioner was prejudiced.  Second, the court did not incorrectly apply the Foulk case in determining that portions of petitioner's claim for ineffective assistance of trial counsel were procedurally defaulted. Foulk was cited for the correct proposition that second attempts to seek relief under K.S.A. § 60-1507 are forbidden second motions and not allowed by Kansas courts.  The case of Brown v, State, 198 Kan. 527, 426 P.2d 49 (1967) was support for the court's statement that the Kansas courts will not hear an issue under K.S.A. § 60-1507 when the same broad issue has previously been considered by the Kansas Supreme Court on direct appeal.  Third, the court did not err by not applying the Galloway precedent to petitioner's procedurally defaulted claims. Galloway provided procedural guidance to federal courts when it held that ineffective assistance of counsel claims made on a federal prisoner's direct appeal do not bar the assertion of a subsequent ineffectiveness claim in a motion pursuant to 28 U.S.C. § 2255.  Thus, Galloway is simply inapplicable to a state petitioner seeking relief under 28 U.S.C. § 2254.  Finally, the court did not overlook

petitioner's traverse and properly considered the traverse before denying petitioner's application.  (Doc. 21 at 1, 16.)

For the above reason, petitioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) is DENIED.

IT IS SO ORDERED.

Dated this   5th   day of January 2007, at Wichita, Kansas.

                                           S/ Monti Belot
                                           Monti L. Belot
                                           UNITED STATES DISTRICT JUDGE